IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BUMKOO INDUSTRIAL CO., LTD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CROWN BRANDS LLC dba Oneida Hospitality Group, and THE ONEIDA GROUP INC.,<br><br>　　　　Defendants. | Case No. 1:21-cv-06323<br><br>**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AND PROVE UP OF DAMAGES**<br><br>Judge: Hon. Robert M. Dow, Jr. |

**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AND
PROVE UP OF DAMAGES**

Plaintiff BUMKOO LTD., by and through its undersigned counsel, brings this Motion and respectfully requests that this Court enter judgment in its favor and against Crown Brands LLC and Crown Brands d/b/a Oneida Hospitality Group in the amount of $283,938.27, pre-judgment interest on this amount, and any damages Bumkoo suffers from freight forwarders. This Motion is supported by the Declaration of Peter Kim and the Exhibits attached to Mr. Kim's Declaration; the Declaration of Mark Petersen and the Exhibits attached to Mr. Petersen's Declaration; the Memorandum of Points and Authorities contained herein; the argument of counsel at hearing; and such other and further evidence as this Court may allow.

　　1.　　Plaintiff Bumkoo Ltd. ("Bumkoo") is a Korean registered company with its principal place of business in Seoul, South Korea.

　　2.　　Defendants Crown Brands LLC and Crown Brands d/b/a Oneida Hospitality Group ("Crown") are Illinois companies with their principal place of business in 300 Knightsbridge Pkwy Suite 400, Lincolnshire, IL 60069.

　　3.　　Bumkoo filed a Complaint against Crown for breach of contract. As set forth in the Complaint, the goods Crown ordered from Bumkoo were shipped to the United States and

eventually arrived in Cook County, Illinois. Crown failed to (1) accept the goods it purchased from Bumkoo, (2) pay the remaining balance, (3) pay the resulting storage and demurrage port fees, and (4) pay the materials, manufacturing, and packing costs associated with the remaining orders that Bumkoo had prepared but, at Crown's request, did not ship.

4. Crown was served with the Complaint on December 1, 2021. See Declaration of Mark Petersen, paragraph 2 (hereafter "Petersen Declaration").

5. Despite Bumkoo's efforts to contact Crown, Crown failed to respond to the Complaint. This Court therefore entered default judgment against Crown on January 14, 2022, based on Bumkoo's oral motion at the initial Status Conference.

Dated: January 28, 2022

Respectfully submitted,

By: __/s/*Mark D. Petersen*_____

Robert C. Collins III (ARDC No. 6304674)
Robert.Collins@lw.com
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312-876-6566
Facsimile: (312) 993-9767

Mark D. Petersen (*pro hac vice*)
mpetersen@fbm.com
Hillary M. Marks (*pro hac vice*)
hmarks@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.      Standards to be Applied on Default Judgment**

Generally, "[t]here are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). This two-step process is outlined in Rule 55(a) (entry of default) and Rule 55(b) (default judgment) of the Federal Rules of Civil Procedure. "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983). The defaulting party cannot contest the fact of his liability unless the entry of default is vacated under Rule 55(c). *See id.*; *see also* Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required … are admitted when not denied in the responsive pleading.").

In this Action, a Fed. R. Civ. P. 55(a) default was entered on January 14, 2022 [Dkt. 12]. "When a default judgment is entered, facts alleged in the complaint may not be contested," *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) (citing Fed. R. Civ. P. 8(d)), and it is established, "as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint," *Id.* (quoting *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)).

The allegations in Plaintiff's Complaint establish all of the necessary elements of Plaintiff's claims for breach of contract.

**2.      Facts Pled in the Complaint and Deemed Admitted**

The operative Complaint on which Plaintiff seeks default is the Complaint filed on November 24, 2021. [Dkt. 1] (hereinafter "Complaint" or "Compl.") As noted above, all allegations of the Complaint are deemed admitted due to the entry of default.

**3.      Default Judgment Should Be Awarded Against the Defendants.**

Plaintiff filed its Complaint on November 24, 2021 [Dkt. 1]. The Defendants have failed to respond to the Complaint or otherwise appear in this instant action. Since the Defendants have not responded to the complaint or otherwise appeared in this action, Plaintiff cannot continue to litigate this case on the merits. As such, if default judgment is not granted, Plaintiff

will be left with no recourse for its injuries to its business caused by the Defendants' breach of contract. Such an outcome is unfairly prejudicial to Plaintiff.

The total amount unpaid by Crown and remaining due is $283,938.27. *See* Affidavit of Peter Kim. Therefore, this Court should grant this Motion and enter a default judgment against the Defendants in the amount of $283,938.27, plus prejudgment interest, and any damages Bumkoo suffers from freight forwarders.

Courts award prejudgment interest to (1) compensate the aggrieved plaintiff fully, and (2) alleviate congestion in the courts by encouraging prompt and equitable settlements. *See* Dustin K. Palmer, *Comment, Should Prejudgment Interest Be A Matter Of Procedural Or Substantive Law In Choice-Of-Law Disputes?*, 69 U. Chi. L.Rev. 705, 708 (2002). Because of their outcome-determinative nature, federal courts construe prejudgment interest rules as substantive under *Erie R.R. Co v. Tompkins*, 304 US 64 (1938), and follow the prejudgment interest rules of the states in which they sit. *See, e.g.*, *In re Air Crash Disaster Near Chicago, Illinois; on May 25,1979*, 480 F Supp 1280, 1282 (N.D. Ill. 1979), *aff'd*, 644 F2d 633 (7th Cir 1981).

Under the Illinois Interest Act, plaintiffs can recover prejudgment interest on their breach of contract claims at the rate of 5% per annum when money is "withheld by an unreasonable and vexatious delay of payment." 815 ILCS 205/2; *see, e.g.*, *Cress v. Recreation Servs., Inc.*, 795 N.E.2d 817 (2d Dist. 2003) (affirming trial court properly awarded prejudgment interest under the Interest Act in employee's breach of contract claim); *Kehoe v. Wildman, Harrold, Allen and Dixon*, 899 N.E.2d 1177 (1st Dist. 2008) (holding plaintiff was entitled to prejudgment interest on judgement entered for breach of contract claim). Crown's remaining balances were due in July and August of 2021 – over six months ago – and it has made no effort to respond to Bumkoo's repeated demands for payment. As a result of Crown's unreasonable and vexatious delay of payment, this Court should also award Plaintiff prejudgment interest on its breach of contract damages.

Lastly, because Crown did not pay the remaining balance owed for the shipped goods, Bumkoo did not telex release these goods to Crown per the contract terms, and the freight

forwarder was unable to release the goods, causing the shipped containers to incur daily storage and demurrage port fees. *See* Affidavit of Peter Kim, ¶ 6. Although Crown is responsible for paying these demurrage and storage port fees, the freight forwarder has threatened to make a claim against Bumkoo if Crown does not pay its storage and demurrer fees. *Id.* Therefore, Bumkoo seeks a default judgment against the Defendants for any damages Bumkoo suffers from freight forwarders as a result of Crown's failure to pay its storage and demurrer fees.

Dated: January 28, 2022

Respectfully submitted,

By: /s/*Mark D. Petersen*

Robert C. Collins III (ARDC No. 6304674)
Robert.Collins@lw.com
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312-876-6566
Facsimile: (312) 993-9767

Mark D. Petersen (*pro hac vice*)
mpetersen@fbm.com
Hillary M. Marks (*pro hac vice*)
hmarks@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480